**2013 UT App 108**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF R.T. AND B.T.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

R.T.,
*Appellant,*
*v.*
STATE OF UTAH,
*Appellee.*

Per Curiam Decision
No. 20120877-CA
Filed April 25, 2013

Second District Juvenile, Ogden Department
The Honorable Sherene T. Dillon
No. 1055179

Gary W. Barr, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES ORME, MCHUGH, and ROTH.

PER CURIAM:

¶1     R.T. (Father) appeals the juvenile court's termination of his parental rights in his children R.T. and B.T. We affirm.

¶2     Father asserts that termination of his parental rights was not warranted because there was insufficient evidence to establish that termination was in the children's best interests. A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding

of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *Id.* In reviewing a juvenile court's order, this court "will not disturb the juvenile court's findings and conclusions unless the evidence clearly preponderates against the findings as made or the court has abused its discretion." *In re R.A.J.*, 1999 UT App 329, ¶ 6, 991 P.2d 1118. "When a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435.

¶3     Father argues that the juvenile court failed to fully consider his present parenting ability, elevated the importance of innocuous events, and failed to give credence to his family's testimony in his support. Father attempts to present himself in a favorable light but ignores the weight of the evidence in support of the juvenile court's findings. For example, although Father argues that the juvenile court placed undue importance on events that "substantially preceded" this case, the past events show an entrenched pattern of conduct that puts the children at risk because of Father's ongoing anger management problem.

¶4     Father also contends that the juvenile court did not "fully consider" his present capacity to parent. He notes that he had completed some classes, had attended anger management sessions, and had sporadically held a job. The record shows that the juvenile court did consider these facts, however, and drew the conclusion that Father was resistant to change and had failed to internalize the lessons from the various classes and therapy sessions that he attended. Furthermore, Father had been unemployed for the duration of this case and had not provided any support for the children. In essence, Father seeks to have this court reweigh the evidence before the juvenile court. Because there is a foundation in

the evidence to support the juvenile court's decision, we cannot do so.[1] *See id.*

¶5 Father next asserts that testimony that he fit the profile of a domestic violence perpetrator was admitted in error. This was not preserved by a specific objection in the juvenile court. Father did not object to the direct testimony of the supervisor's observations of the visit and her conclusions drawn from those observations. Rather, he objected later when the witness was asked to opine from hypotheticals. Absent a timely and specific objection, this issue is not properly before this court. *See In re A.K.*, 2012 UT App 232, ¶ 22, 285 P.3d 722.

¶6 Father's evidentiary challenges primarily attack the juvenile court's findings of grounds to terminate parental rights under Utah Code section 78A-6-507, but he does not assert that there was insufficient evidence to find that he was unfit as a parent. Rather, he argues that even if the juvenile court could find grounds to terminate, the evidence was insufficient to find that termination was in the children's best interests. We disagree.

¶7 To warrant termination of parental rights, a parent must be found to be below a minimum level of fitness and the termination must be in the children's best interests. *In re R.A.J.*, 1999 UT App 329, ¶ 7, 991 P.2d 1118. Although these two separate findings must be made, "evidence of unfitness may be probative of both factors of the termination analysis." *In re J.D.*, 2011 UT App 184, ¶ 12, 257 P.3d 1062. There was sufficient evidence in the record to support that termination was in the children's best interests. Father had a history of violence and anger issues, had failed to internalize the lessons from classes and therapy, and had failed to recognize the

---

1. The juvenile court is in the best position to assess credibility and weigh conflicting testimony. *See In re L.M.*, 2001 UT App 314, ¶¶ 10–12, 37 P.3d 1188. Accordingly, this court will generally not disturb credibility determinations.

detrimental effects of his conduct on his children. Additionally, the children were in a safe, stable placement where they were thriving. They were well integrated into the family. The placement would lead to adoption if the children became available. Accordingly, the evidence was sufficient to find that termination was in the children's best interests.

¶8     Affirmed.[2]

——————

2. Father raises other issues in his petition. We consider them to be without merit and decline to address them. *See State v. Carter*, 776 P.2d 886, 888 (Utah 1989) ("[T]his court need not analyze and address in writing each and every argument, issue, or claim raised and properly before us on appeal.").